IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| PATRICK RAY GLENN | § | |
| VS. | § | CIVIL ACTION NO. 1:21-cv-57 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Patrick Ray Glenn, a federal prisoner, proceeding *pro se*, filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

On July 31, 2019, in the United States District Court for the Eastern District of Texas, following a plea of guilty pursuant to a written plea agreement, Movant was convicted of one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). *See United States v. Tomlin*, 1:19cr44 (E.D. Tex. 2020) (doc. #68). The district court sentenced Movant to a term of 110 months' imprisonment, three years' supervised release, and a $100 special assessment. *Id.*

Movant did not file a direct appeal of his conviction or sentence.

The Motion to Vacate

Movant brings this motion asserting that trial counsel rendered ineffective assistance based on his unfamiliarity with the facts and relevant law. Movant claims counsel's lack of knowledge

prevented him from providing competent advice concerning whether to plead guilty or proceed to trial, making Movant's plea of guilty unknowing and involuntary. Additionally, Movant contends counsel provided ineffective assistance because he did not call a witness at sentencing who could have testified that Movant had no knowledge of the weapon. Movant claims this witness, his co-defendant Tommy Joe Tomlin, also claimed ownership of the weapon. Further, Movant complains that counsel allowed him to be sentenced on a cross-reference enhancement for being jointly engaged a drug transaction, a crime to which he neither admitted nor was he indicted for the alleged conduct.

### The Response

The Respondent was ordered to show cause why relief should not be granted. In response, the Respondent contends Movant's claims of ineffective assistance are without merit. Further, the Respondent asserts that Movant has failed to show any prejudice related to his claims of ineffective assistance of a counsel. Accordingly, the Respondent asserts that the Motion to Vacate should be denied.

### Standard of Review

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) The sentence was imposed in violation of the constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is "otherwise subject to collateral attack." *See* 28 U.S.C. § 2255(a); *see also United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), *cert. denied*, 504 U.S. 962 (1992).

"Challenging a conviction and sentence with a section 2255 motion is 'fundamentally different from a direct appeal.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting

*United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992)). After conviction and exhaustion or waiver of any right to appeal, a criminal defendant is presumed to stand fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-232 (5th Cir. 1991) (en banc), *cert. denied,* 502 U.S. 1076 (1992). "Thus, on collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *Samuels*, 59 F.3d at 528 (quoting *Shaid*, 937 F.2d at 232). Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a 28 U.S.C. § 2255 proceeding. *Id.*

<u>Analysis</u>

I.  *Plea Agreement*

In this case, Movant pleaded guilty pursuant to a written plea agreement. (Doc. #42.) Movant's plea agreement advised him of his rights, the nature of the charges against him, and contained a limited waiver of the right to appeal or otherwise challenge his conviction and sentence. Paragraph One of Movant's written plea agreement provides:

> 1. **RIGHTS OF THE DEFENDANT**: The defendant understands that accused individuals have the following rights, among others:
>
>     a.    to plead not guilty;
>
>     b.    to have a trial by jury;
>
>     c.    to have guilt proved beyond a reasonable doubt;
>
>     d.    to confront and cross-examine witnesses and to call witnesses in defense; and

   e.  to not be compelled to testify against oneself.

Paragraph Two provides:

  2. **WAIVER OF RIGHTS AND PLEA OF GUILTY**:  The defendant waives these rights and agrees to enter a plea of guilty to count Four of the information, which charges a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm.  The defendant understands the nature and elements of the crime to which guilt is admitted and agrees that the factual statement the defendant has signed is true and will be submitted as evidence.

Paragraph Three of the plea agreement provides:

  3. **SENTENCE:**  The maximum penalties the Court can impose include:

   a.  imprisonment for a period of not more than 10 years;

   b.  a fine not to exceed $250,000.00, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c.  a term of supervised release of not more than 3 years, which may be mandatory under the law and will follow any term of imprisonment.  If the defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

   d.  However, if the Court determines that the defendant is an Armed Career Offender under 18 U.S.C. § 924(e), imprisonment of not less than 15 years and not more than life, a fine not to exceed $250,000 or twice the pecuniary gain to the defendant or loss to the victim, or both; a term of supervised release of not more than five (5) years;

   e.  a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk before sentencing;

   f.  forfeiture of property involved in or traceable to the criminal offense;

   g.  restitution to victims or to the community; and

   h.  costs of incarceration and supervision.

Paragraph Four of the written plea agreement provides:

> 4. **COURT'S SENTENCING DISCRETION AND ROLE OF THE GUIDELINES**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G. or guidelines). The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with defense counsel, but understands that no one can predict with certainty the outcome of the Court's consideration of the guidelines in the case. The defendant will not be allowed to withdraw the plea entered pursuant to this agreement if the sentence is higher than expected, so long as it is within the statutory maximum. The defendant understands that the actual sentence to be imposed is solely in the discretion of the Court.

Paragraph Five of Movant's written plea agreement provides:

> 5. **GUIDELINE STIPULATIONS:** The parties stipulate to the following factors that affect the appropriate sentencing range in this case:
>
> a. The bases offense level pursuant to U.S.S.G. § 2D1.1 is 20, based [on] a prior conviction of a controlled substance offense, to wit; Conspiracy to Distribute Methamphetamine, in Cause Number W-06-cr-188(02) from the Western District of Texas, Waco Division, on February 6, 2007.
>
> b. A reduction of two levels of acceptance of responsibility under U.S.S.G. § 3E1.1 applies; however, this stipulation is subject to recommendation of the United States Probation Office and the other provisions of this plea agreement. **If circumstances indicating that the defendant has not accepted responsibility become known after execution of this agreement, this stipulation is void and the defendant may object to the failure of the presentence report to recommend the reduction. The government's request to decrease the offense level by <u>one</u> additional level in accordance with U.S.S.G. § 3E1.1(b) is contingent on the defendant demonstrating acceptance of responsibility for the offense conduct and cooperating fully in recovering restitution for all relevant conduct.**
>
> The parties understand that the Court is not bound by these stipulations. Furthermore, the parties specifically agree that other specific offense characteristics or guideline adjustments may increase or decrease the appropriate sentencing range.

Nothing in this agreement will preclude argument by either party regarding any other specific offense characteristic or guideline adjustment.

Paragraph Nine of Movant's written plea agreement provides:

> 9. **GOVERNMENT'S AGREEMENT**: The United States Attorney for the Eastern District of Texas agrees not to prosecute the defendant for any additional non-tax-related criminal charges based upon the conduct underlying and related to the defendant's plea of guilty. After sentencing, the government will dismiss any remaining charges against this defendant.

Paragraph Eleven of Movant's written plea agreement provides:

> 11. **VOLUNTARY PLEA:** This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement.

Paragraph Twelve of Movant's written plea agreement provides:

> 12. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**: Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

Paragraph Fourteen of Movant's written plea agreement provides:

> 14. **REPRESENTATION OF COUNSEL:** The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

Paragraph Sixteen of Movant's written plea agreement provides:

> 16.  **ENTIRETY OF AGREEMENT**: <u>This Plea Agreement consists of this document and the sealed addendum required by Local Rule CR-49.  Reference in this document to "agreement" or "Plea Agreement" refer to both this document and the sealed addendum.</u>  The defendant, the defendant's attorney, and the government acknowledge that this agreement is a complete statement of the parties' agreement in this case.  It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties.  No other promises have been made or implied.

*Tomlin*, No. 1:19-cr-44 (doc. #42).

II.   *Voluntariness of the Plea and Waiver*

A defendant may, as part of a valid plea agreement, waive his statutory right to appeal his conviction on direct appeal and under 28 U.S.C. § 2255, if the waiver is knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994); *United States v. Melancon*, 972 F.2d 566 (5th Cir. 1992).  The plea agreement will be upheld where the record clearly shows the defendant read and understood it and that he raised no question regarding any waiver-of-appeal issue.  *United States v. Portillo*, 18 F.3d 290 (5th Cir. 1994).  "[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of the waiver or the plea itself."  *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).  Appellate "waivers require dismissal if (1) the defendant's waiver was knowing and voluntary and (2) the waiver applies to the circumstances at hand, based on the plain language of the plea agreement."  *United States v. Meredith*, 52 F.4th 984, 986 (5th Cir. 2022) (citing *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).  The Fifth Circuit has applied this inquiry to uphold waivers of appeal in a variety of contexts, including challenges to restitution, upward variances, and Guidelines enhancements.  *Id.* (collecting cases).

In this case, Movant specifically reserved the right to assert claims of ineffective assistance of counsel. Therefore, Movant's claim against counsel is not waived and will be addressed below.

### III.   *Ineffective Assistance of Counsel*

Movant brings this Motion to Vacate, Set Aside or Correct Sentence asserting that his conviction and sentence should be vacated because he was denied the effective assistance of counsel during the plea process and at sentencing.

### A.   Substantive Law

The Supreme Court has addressed the issue of what a movant must prove to demonstrate an actual ineffective assistance of counsel claim. *Strickland v. Washington*, 466 U.S. 668 (1984). In order to show that counsel was ineffective a movant challenging counsel's performance must demonstrate the following:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted in a breakdown of the adversarial process that renders the result unreliable.

*Strickland,* 466 U.S. at 687. In order to demonstrate the first prong of this test, a movant must demonstrate that "'counsel's representation fell below an objective standard of reasonableness,' with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance." *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994) (quoting *Strickland*, 466 U.S. at 688). To overcome the presumption that counsel provided reasonably effective assistance, a movant must prove his attorney's performance was objectively unreasonable in light of the facts of the movant's case, viewed as of the time of the attorney's conduct. *Strickland*, 466 U.S. at 689-90. A

reasonable professional judgment to pursue a certain strategy should not be second-guessed. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

In order to prove the prejudice prong, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009). "*Strickland* asks whether it is 'reasonably likely' the result would have been different." *Harrington v. Richter*, 562 U.S. 86, 111 (2011).

The burden of proof in a habeas corpus proceeding attacking the effectiveness of trial counsel is upon the movant, who must demonstrate counsel's ineffectiveness by a preponderance of the evidence. *See Martin v. Maggio,* 711 F.2d 1273, 1279 (5th Cir. 1983). A habeas petitioner must "affirmatively prove," not just allege, prejudice. *Day,* 556 F.3d at 536. If a petitioner fails to prove the prejudice part of the test, the court need not address the question of counsel's performance. *Id*. A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992). In determining the merits of an alleged Sixth Amendment violation, a court "must be highly deferential" to counsel's conduct. *Strickland,* 466 U.S. at 687.

Whether the representation was deficient is determined as measured against an objective standard of reasonableness. *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)). "There is a strong presumption that counsel's conduct falls

within a wide range of reasonable professional assistance." *Woodward v. Epps*, 580 F.3d 318, 329 (5th Cir. 2009) (quoting *Romero v. Lynaugh*, 884 F.2d 871, 876 (5th Cir. 1989)).

    B.    Change of Plea Hearing

A review of the Change of Plea Hearing reveals Movant was aware of his rights and voluntarily entered a plea of guilty. *See Tomlin*, 1:19cr44 (doc. #79). Movant stated he was thirty-four years old and had completed his GED and some college hours. Movant acknowledged he was aware of his rights, such as the right to plead not guilty and receive a trial by jury, the right to assistance of counsel, the right to testify, the right to hear testimony against him, the right to compel the production of evidence, and the right to call and subpoena witnesses and cross-examine the witnesses called on behalf of the United States. Movant acknowledged his understanding of the waiver of these rights and had no questions for the court. (Doc. 79 at *8-9).

Movant stated he had not been treated for any mental illness or addiction to drugs of any kind, was not currently under the influence of any drug, medication or alcoholic beverage. Additionally, both Movant's counsel and counsel for the Government affirmed there was no reason to doubt Movant's competence to plead guilty. (Doc. #79 at *4-5.)

Movant was advised of the elements of the charge against him and acknowledged that he understood each of the elements for the count against him. Movant also acknowledged he understood these are the matters that the government is required to prove beyond a reasonable doubt in order to convict him if the case went to trial. Movant affirmed that he and his attorney had talked about how the advisory guidelines might apply to his case. Movant also stated he understood that the sentence ultimately imposed may be different from any estimate his attorney may have given him

10

and that the court has the authority in some circumstances to depart upward or downward from that range. (Doc. #79 at *7-8.)

Movant acknowledged that he had fully discussed with his attorney the Information, the facts of this case and any possible defenses he may have. Movant stated he was satisfied with his attorney and was satisfied that counsel had fully thought about and considered his case. Counsel affirmed that he had fully and completely discussed each term of the plea agreement with Movant. (Doc. #79 at *5.)

Movant and his attorney signed the plea agreement confirming that it is the entire plea agreement, that no other promise has been made or implied, and that the agreement was entered into freely, voluntarily, and upon advice of counsel. Movant acknowledged at the change of plea hearing that he had gone over the plea agreement in its entirety with counsel, that he understood the terms of the plea agreement, and any questions he had counsel had answered to his satisfaction. Movant acknowledged that no one had made any promises to him in return for his entering a plea of guilty other than what is contained in the written plea agreement. Further, Movant acknowledged no one had forced him, threatened him, or coerced him in any way to get him to plead guilty or accept the plea agreement. (Doc. #79 at *10.)

Movant also signed a Factual Basis in this case. (Doc. #41.) Paragraph Five of the Factual Basis states the following: "[H]ad this matter proceeded to trial, the government, through the testimony of witnesses . . . and through admissible exhibits, would have proven, beyond a reasonable doubt, each and every essential element of the offense alleged in the information; specifically, the Government would have proven the following stipulated facts . . . ." (Doc. #41 at *2.) The following pages detailed Movant's participation with co-defendant Tommy Joe Tomlin concerning

the possession and distribution of methamphetamine along with the possession and sale of firearms. Both Movant and counsel signed the Factual Basis, acknowledging Movant had read the Factual Basis and Stipulation and the Information, or had them read to him and had discussed them with his attorney. Movant acknowledged that he fully understood the contents of the Factual Basis and Stipulation and agreed without reservation that it accurately describes the events and his acts, and he is knowingly and voluntarily agreeing to the stipulated facts. (Doc. #41 at *4.) While under oath at the Change of Plea Hearing in this case, Movant agreed that he had read the Factual Basis and Stipulation, or had them read to him, had discussed them with his attorney, and fully understood the contents and agreed without reservation that it accurately describes the events and his acts. (Doc. #79 at *13-14).

A review of the record in this case reveals that Movant's current assertions are directly contradicted by his assertions made in open court under oath. The hearing transcript reveals that Movant described in his own words the conduct which proved his guilt regarding the charged offense. Additionally, Movant signed the Factual Basis which detailed Movant's participation in the charged offense and acknowledged the government could prove those facts if he had gone to trial.

    C.    Claims

        i.    *Unfamiliarity With the Facts and Law*

Movant now claims counsel was ineffective based on his unfamiliarity with the Supreme Court decision in *Rehaif v. United States*, 588 U.S. ___, 139 S.Ct. 2191 (2019). Movant claims he was unaware of the firearm in his vehicle, and knowledge of possession is an element that must be proven under *Rehaif*. Further, Movant claims counsel knew he was unaware of the firearm in his vehicle, but he still "induced" Movant to plead guilty. Movant claims counsel's lack of knowledge

prevented him from providing competent advice concerning whether to plead guilty or proceed to trial, making Movant's plea of guilty unknowing and involuntary.

In *Missouri v. Frye,* 566 U.S. 134, 138 - 145 (2012) and *Lafler v. Cooper,* 566 U.S. 156, 162-163, the Supreme Court held that the Sixth Amendment right to effective assistance of counsel extends to the negotiation and consideration of plea offers that lapse or are rejected. In *Frye,* the Court specifically held that counsel has a "duty to communicate formal offers from the prosecution to accept a plea," and, in general, where such an offer is not communicated to the defendant, counsel "[does] not render the effective assistance the Constitution requires." *Frye*, 566 U.S. at 145. The Court held that defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and that defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland. Id.* at 145-147. In *Lafler,* the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *Lafler*, 566 U.S. at 166. Movant must demonstrate that "the outcome of the plea process would have been different with competent advice." *Id*. at 163.

In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. *Id.* at 2200. As the Respondent correctly asserts, however, Movant procedurally defaulted the *Rehaif* claim because he did not raise it at the time of his plea, seek to withdraw his plea, or raise it on appeal. Further, Movant has failed to show good cause for failing to do so.

Moreover, Movant's argument that counsel was ineffective is without merit. In this case, the Information was entered after the Supreme Court's decision in *Rehaif* and included language that Movant knowingly possessed a firearm while knowing that he had been convicted of a crime. (Doc. 32 at *2-3.) Even the initial Indictment, entered before *Rehaif*, included language that Movant "did knowingly possess in and affecting interstate commerce a firearm . . . ." (Doc. #2 at *3.) Additionally, at the Change of Plea Hearing, Movant acknowledged that the Government was required to prove, and could prove, that he knowingly possessed a firearm after being convicted of a qualifying crime and that he knew at the time of the offense that he has been convicted of a qualifying crime. (Doc. #79 at *5-6). Movant also testified at the Change of Plea Hearing that he had fully discussed the charges, the facts of the case, and any possible defenses he might have and that he was fully satisfied with counsel's representation and advice given to him in this case. (Doc. #79 at *5.)

Counsel is bound by the facts of the case and, based on the conduct to which Movant admitted, movant was guilty of the charged offense. Therefore, Movant's argument is frivolous, and counsel was not ineffective for failing to raise a frivolous argument. Allegations of ineffective assistance of counsel must be supported by the record. *United States v. Johnson*, 679 F.2d 54, 58-59 (5th Cir. 1982). Additionally, counsel's performance cannot be held to be ineffective for failing to argue frivolous claims. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Further, counsel is not required to file frivolous motions or make frivolous objections. *Green v. Johnson*, 160 F.3d 1029, 1036-37 (5th Cir. 1998). Accordingly, Movant has failed to show deficient performance.

Movant has failed to show either that counsel's performance was deficient or that the outcome of the proceeding would have been different. Accordingly, Movant's claim of ineffective assistance of counsel based on *Rehaif* is without merit and should be denied.

    *ii.*    *Uncalled Witness*

Next, Movant contends counsel provided ineffective assistance because he did not a call witness at sentencing who could have testified that Movant had no knowledge of the weapon. Movant claims this witness, his co-defendant Tommy Joe Tomlin, also claimed ownership of the weapon.

"[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States,* 575 F.2d 515, 521 (5th Cir. 1978). Further, the presentation of witness testimony is essentially strategy and, thus, within the trial counsel's domain. *Alexander v. McCotter,* 775 F.2d 595, 602 (5th Cir. 1985). A habeas petitioner must overcome a strong presumption that counsel's decision in not calling a particular witness was a strategic one. *See Murray v. Maggio, Jr.,* 736 F.2d 279, 282 (5th Cir. 1984). In cases where "the only evidence of a missing witness's testimony is from the defendant," claims of ineffective assistance of counsel are viewed with great caution. *See United States v. Cockrell,* 720 F.2d 1423, 1427 (5th Cir. 1983), *cert. denied,* 467 U.S. 1251 (1984).

Additionally, for a petitioner to succeed on the claim, he must have shown that had counsel investigated, he would have found witnesses to support the defense, that such witnesses were available, and had counsel located and called these witnesses, they would have been willing to testify and their testimony would have been favorable to the defense. *See Alexander,* 775 F.2d at 602;

15

*Gomez v. McKaskle,* 734 F.2d 1107, 1109-10 (5th Cir. 1984). Movant's conclusory allegations fail to satisfy his burden with respect to this claim.

Moreover, Movant has not shown that had the witness testified at sentencing, the court would have imposed a lesser sentence or that the outcome of the proceeding would have been different. Thus, Movant has failed to show any prejudice regarding the alleged deficiencies of counsel. A petitioner cannot satisfy the second prong of *Strickland* with mere speculation or conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are also insufficient to obtain relief under § 2255. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a habeas proceeding); *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989). Accordingly, Movant's claim is without merit and should be denied.

    iii.    *Sentence Enhancement*

Next, Movant attempts to argue counsel was ineffective for allowing him to be sentenced on a cross-reference enhancement for a crime to which he neither admitted nor was indicted. Movant complains his sentence was enhanced for being jointly engaged in a criminal activity, a drug transaction. Movant's argument, however, is without merit.

A review of the Factual Basis, which Movant agreed to and signed, reveals Movant's current claim and version of events are contradicted by the record and the conduct to which he admitted in the Factual Basis. (Doc. #41.) Movant admitted his participation in the conduct which formed the basis for the enhancement. Movant admitted that he followed Tomlin to the hotel because he had provided Tomlin with $3,100.00 of the money to purchase the methamphetamine and that the gun in his car was provided by Tomlin before Tomlin went in the hotel room. (Doc. #41 at *3.)

16

Additionally, at the Change of Plea Hearing, Movant was advised and acknowledged he understood that his sentence would be determined by a combination of the advisory sentencing guidelines, possible authorized departures from the guidelines, and other statutory sentencing factors. (Doc. #79 at *7.) Further, Movant acknowledged that he and his attorney had talked about how the sentencing guidelines might apply to his case, and he understood the court would also examine other statutory sentencing factors that might result in the imposition of a sentence that is either greater or lesser than the advisory range. (Doc. #79 at *7-8). Finally, counsel argued against the enhancement by filing objections to the Pre-Sentence Report as well as arguing his objections at the Sentencing Hearing. (Doc. #80 at *4-14.) The court, however, ultimately did not agree with counsel and overruled the objections. *Id.* Counsel's inability to foresee the district court's future sentence does not render counsel's representation ineffective. "Clairvoyance is not a required attribute of effective assistance." *United States v. Fields*, 565 F.3d 290, 295 (5th Cir. 2009); *Sharp v. Johnson*, 107 F.3d 282, 289 n.28 (5th Cir. 1997). Accordingly, Movant has failed to show deficient performance of counsel. Nor has Movant shown any related prejudice.

    *iv.*    *Conclusion*

Movant's current assertions do not compel the conclusion that his plea was either unknowing or involuntary. "[A] defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'" *Id.* (quoting *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977)).

In light of the statements Movant made as part of the plea agreement, in the Factual Basis, and in open court, it cannot be concluded that Movant's plea was involuntary or unknowingly entered. Movant has failed to show counsel's performance was deficient, and the record in this case demonstrates Movant's plea was knowing, voluntary and intelligent and should be upheld.

Additionally, Movant has failed to show a reasonable probability that the outcome of the proceeding would have been different; thus, he has failed to make the requisite demonstration of prejudice. Movant has offered no indication, nor is there any indication in the record, that either the Government would have agreed to a provision in the plea agreement that eliminated any enhancement or that court would have accepted any such agreement. Further, as set forth above, the Plea Agreement states that the defendant understands that the actual sentence to be imposed is solely in the discretion of the court, and he was also advised of this at the Change of Plea Hearing. Thus, Movant's allegations are insufficient to show a reasonable probability that, but for the alleged sentence calculation error, he would have received a lesser sentence. *See United States v. Whisman*, 757 F. App'x 391, 393 (5th Cir. 2019).

Movant has failed to satisfy his burden of proof regarding either deficient performance or prejudice relating to his claim. Therefore, Movant's claims are without merit and the Motion to Vacate should be denied and dismissed.

## Recommendation

Movant's Motion to Vacate, Set Aside or Correct Sentence should be denied and dismissed.

<u>Objections</u>

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 12th day of January, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE